UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES RODGERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-933** |
| **N. BURL CAIN, WARDEN**<br>**LOUISIANA STATE PENITENTIARY** | **SECTION "C"** |

### ORDER AND REASONS

Before this Court is a petition for habeas corpus relief by Mr. Charles Rodgers, pursuant to 28 U.S.C. § 2254. As grounds for relief, petitioner claims that his due process and fair trial rights were violated when: 1) the trial court erroneously overruled the defense's challenge for cause on a juror; 2) the trial court imposed an excessive sentence; 3) he received ineffective assistance of counsel; and 4) there was insufficient evidence to convict him.

Upon a thorough review of the trial, direct appeal, and post-conviction records, the habeas petition and memoranda, and applicable law, the Court has determined that petitioner's habeas corpus petition is without merit. For the reasons set forth below, this petition is **DENIED**.

## I.     Background and Procedural History

Petitioner is a state prisoner at the State Penitentiary in Angola, Louisiana.[1] The following facts are taken from the Louisiana First Circuit Court of Appeal opinion:

> On the evening of December 27, 1999, Janice Marie Whitehead was working as a shift manager at the Popeye's restaurant on Gause Boulevard in Slidell, Louisiana. At about 9:30 P.M., Ms. Whitehead saw defendant, who was one of her employees, go in the back office without permission. When asked what he was doing, he indicated that he wanted to get latex gloves, a request she deemed unusual because he did not normally use gloves to perform his particular duties. Nevertheless, Ms. Whitehead went into the office and retrieved gloves for him.
>
> When the restaurant closed for the evening, Ms. Whitehead went to the back office to do the evening's paperwork and to put the cash from the registers into the safe. The defendant and other employees left as they finished their assigned clean-up tasks. Eventually, only two employees were left at the store with her, "Roger" and "Jonas." Ms. Whitehead instructed Roger to let Jonas out the back door and lock it. She expected that Roger alone would remain inside afterward. She head Roger unlock the back door to let Jonas out, but she did not hear the door lock again. She made a mental note to check the door after she completed the task at hand. However, before she could do so, two men rushed into the office. Although masked, she recognized the perpetrators as two of her employees. One of the men, the defendant, grabbed her from behind with a tight grip around her neck. The defendant told the other assailant to "get the money." Ms. Whitehead screamed repeatedly for help, but no one came to her aid. As she continued to struggle, the defendant held what she described as a cold, black, metal gun between her eyes and then moved it to her temple. During the struggle, she leaned her head back and looked directly into defendant's eyes. He told her not to move or he would shoot her. Ms. Whitehead could see the defendant's eyes and eyebrows through the mask and she recognized his voice. He was wearing rubber gloves.
>
> When the perpetrators fled, Ms. Whitehead went to the front of the restaurant, looking for her employee, Roger. Eventually he stood up from under a counter. Shortly thereafter, she also saw Jonas. She asked them whey they did not come and help her when she screamed. They stated they were afraid. She also told them that she recognized defendant's voice.
>
> At about 10:30 P.M., Officer Donald Nunez of the Slidell Police Department received a call reporting the armed robbery. He proceeded to the scene and secured it. Detectives arrived shortly thereafter to investigate. Detective Chris Newman found a white t-shirt, red knit cap, and a bandana in a nearby ditch.
>
> Detective Tommy Benasco interviewed Ms. Whitehead. Based on the interview, the defendant became a suspect. Officers went to the defendant's

---

[1] Fed. Rec. Doc. 1, Petition for Writ of Habeas Corpus, *Rodgers  v. Cain*, No. 06-933.

residence and were granted permission to search the premises by the defendant's aunt, who lived with him. As a result of the search, the officers seized a pair of black jeans, a .40 caliber hollow-point bullet, two Hibernia Bank bags, a BB gun, and a large amount of cash. They also found a latex glove on the ground outside the residence. Detective Benasco apprehended defendant on December 28, 1999 and took a videotaped statement from him, after advising him of his Miranda rights. [FN 1: The statement was ruled admissible.] Defendant admitted his involvement in the robbery. He confessed that he and other employees had planned the offense and that after taking the money, he ran out of the restaurant and threw his red cap in the ditch, where officers found it. However, he denied that he held a gun to the victim's head.

No witnesses were called by the defense. At the conclusion of trial, the jury unanimously found the defendant guilty as charged.[2]

On December 5, 2002, after a pre-sentencing investigation and hearing, the petitioner was sentenced to serve 35 years at hard labor, without parole, probation or suspension of sentence.[3] The Louisiana First Circuit Court of Appeal affirmed his conviction and sentence on November 7, 2003.[4] The Louisiana Supreme Court denied writs on April 8, 2004.[5] Petitioner filed his application for post-conviction relief on April 14, 2004.[6] The district court denied relief on June 17, 2004, with incorporated reasons.[7] The Louisiana First Circuit Court of Appeal denied writs on November 17, 2004.[8] On January 24, 2005, petitioner filed a Motion to Correct Illegal Sentence with the district court,[9] which was denied on January 28, 2005.[10] The Louisiana Supreme Court denied writs on petitioner's post-conviction application on January 13, 2006.[11] Petitioner then filed his federal application for habeas corpus on January 23, 2006.[12]

---

[2] *State v. Rodgers*, 2003-0631 (La. App. 1st Cir., November 7, 2004); not for publication. The Court notes that the description of the facts states that the Hibernia Bank bags, BB gun, and money were recovered from defendant's house, when the trial transcript states that those items were recovered from the house of another participant in the crime. See State Rec. Vol. 2, Trial Transcript, pp. 296-301; 306; 322; and 337.
[3] State Rec. Vol. 2, p. 411-17, *State v. Rodgers*, 317886-1, December 5, 2002.
[4] *State v. Rodgers*, 2003-0631 (La. App. 1st Cir., November 7, 2004); not for publication.
[5] State Rec. Vol. 3, *State v. Rodgers*, 2003-KO-3488, April 8, 2004.
[6] State Rec. Vol. 3, Application for Post-Conviction Relief, *State v. Rodgers*, 317886-1
[7] State Rec. Vol. 3, Order with Incorporated Reasons, *State v. Rodgers*, 317886.
[8] State Rec. Vol. 3, *State v. Rodgers*, 2004-KW-1651, November 17, 2004.
[9] State Rec. Vol. 3, *Rodgers v. State*, 317886-1.
[10] *Id.* at p. 6.
[11] *State ex rel. Rodgers v. State*, 920 So.2d 228, 2005-0633 (La. 2006).
[12] Fed. Rec. Doc. 1, Petition for Writ of Habeas Corpus, *Rodgers v. Cain*, No. 06-933.

## II.     Jurisdiction

Jurisdiction is proper under the Antiterrorism and Effective Death Penalty Act (AEDPA) if the petitioner is "in custody" under the conviction he is attacking.[13] Petitioner Rodgers is confined at the Louisiana State Penitentiary in Angola, therefore jurisdiction is proper.

## III.    Venue

Venue is proper under AEDPA in the district where the inmate is in custody or where the state court conviction and sentence were obtained.[14]  Petitioner Rodgers was convicted and sentenced in St. Tammany Parish, therefore venue in the Eastern District of Louisiana is proper.

## IV.     Timeliness

The state submits that the petition is timely, and after reviewing the record this Court agrees. Generally speaking, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that a petitioner bring his Section 2254 claims within one year of the date on which his conviction became final.[15]  Pursuant to 28 U.S.C. § 2244(d)(1)(A), petitioner's one-year limitation period for seeking federal habeas corpus relief commenced running on the date the judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner's direct appeal was denied by the Supreme Court of Louisiana on April 8, 2004 and he did not appeal to the United States Court Supreme Court. Petitioner's conviction became final ninety days

---

[13] 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a).
[14] 28 U.S.C. § 2241(d).
[15] 28 U.S.C. § 2244(d).

after the Supreme Court of Louisiana denied his application for supervisory writs, on July 7, 2004. On this date, the one-year statute of limitations for filing a federal habeas corpus petition began to run.[16]  However, AEDPA's one-year statute of limitations is tolled for the period during which a properly filed application for post state conviction relief or other collateral review attacking a conviction or sentence is pending in state court.[17] Petitioner filed his motion for post conviction relief on April 14, 2004.  The statute of limitations was tolled while petitioner's application for state post-conviction relief was pending in the state courts. The Louisiana Supreme Court denied writs on petitioner's post-conviction relief on January 13, 2006 after which a total of 10 days passed before petitioner filed his federal habeas petition on January 23, 2006.  Therefore, Mr. Rodgers' petition was filed within the statute of limitations.

## V.     Exhaustion

Petitioner has exhausted available state remedies as required by AEDPA.  Under AEDPA, a petitioner must first exhaust his remedies in state court before seeking habeas relief from the federal courts.[18]  "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts."[19]  Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal habeas petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules.[20]

---

[16] See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).
[17] See *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2).
[18] 28 U.S.C. § 2254(b)(1)(A).
[19] *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted).
[20] *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Petitioner presents four claims for review (with subparts) in his federal habeas petition as listed above. These claims were raised in his application for writs of certiorari and review to the Louisiana Supreme Court on his direct appeal or on his application for post conviction relief. Accordingly, petitioner has satisfied AEDPA's exhaustion requirement. Therefore, the Court will address petitioner's claims on the merits.

**VI.    Standard of Review**

AEDPA comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of fact and law.[21] Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2).[22] As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[23] The United States Supreme Court has noted the following:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court

---

[21] 28 U.S.C. § 2254(d):
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
[22] *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).
[23] 28 U.S.C. § 2254(d)(1).

correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams v. Taylor*, 529 U.S. 362 (2002) that an unreasonable application is different from an incorrect one.[24]

As to questions of fact, factual findings are presumed to be correct, and a federal court will give great deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[25]

### VII.   Law & Analysis

**(1) Petitioner argues that the trial court erroneously overruled the defense's challenge for cause on a juror.**

This claim was raised on direct appeal. It is "not the province of a federal habeas court to reexamine state-court determinations on state-law questions."[26]  A federal habeas court does not sit as a "super" state supreme court to review errors under state law.[27]  An error made by the trial judge justifies "habeas corpus relief only when it is material in the sense of [being a] crucial, critical, highly significant factor," such that the trial is rendered fundamentally unfair.[28]

Here, petitioner argues that the challenged juror was not fair and impartial. The prospective juror admitted his home had been broken into eight years previously by a juvenile, who had not been prosecuted. The defense challenged him for cause, claiming

---

[24] *Bell v. Cone*, 535 U.S. 685, 694 (2002), internal citations omitted.
[25] 28 U.S.C. § 2254(d)(2); see also *Hill v. Johnson*, 210 F.3d 481, 485; 28 U.S.C. § 2254(e)(1).
[26] *Trevino v. Johnson*, 168 F.3d 173, 184 (5th Cir. 1999), quoting *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991); see also *Molo v. Johnson*, 207 F.3d 773, 776 (5th Cir. 2000); and *Hogue v. Johnson*, 131 F.3d 466, 506 (5th Cir. 1997).
[27] *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991).
[28] *Andrade v. McCotter*, 805 F.2d 1190, 1193 (5th Cir. 1986).

he had only stated that he hoped he could be fair. In response, the trial judge questioned the potential juror and then denied the challenge for cause. The defense subsequently used a peremptory challenge to excuse the juror.

The Louisiana First Circuit Court of Appeal detailed the grounds upon which a challenge for cause may be made in Louisiana, including that he lacks qualification required by law, is not impartial, or will not accept the law as given to him by the court.[29] "[T]he trial court is vested with discretion in ruling on a challenge for cause; its ruling will not be disturbed on appeal absent a showing of an abuse of discretion."[30]  The appellate court found that the trial judge, who could best observe his demeanor, was satisfied the juror could be impartial, and so found no abuse of discretion in the judge's overruling of the defense challenge for cause.

Petitioner has failed to establish that the trial court abused its discretion, or that his decision rendered the trial fundamentally unfair. At the time of the challenge for cause, the judge questioned the prospective juror about his ability to be fair:

> Q. You answered some of your questions that you hoped that you could be fair. It is very important, do you feel like you can be fair in this case?
> A. Yes, sir.
> THE COURT: Okay. Thank you.[31]

Satisfied with the prospective juror's answer, the trial judge properly exercised his discretion to disallow the challenge for cause, and the appellate court affirmed his action according to Louisiana law.

---

[29] *State v. Rodgers*, 2003-0631 (La. App. 1st Cir., November 7, 2004); not for publication, citing to LSA-C.Cr.P. art 797.
[30] Id. at 5, citing *State v. Parfait*, 96-1814, p. 4 (La. App. 1st Cir. 5/9/97) 693 So.2d 1232, 1236, writ denied, 97-1347 (La. 10/31/97, 703 So.2d 20.
[31] State Rec. Vol. 1, p. 166, Voir Dire Transcript, *State v. Rodgers*, 317886-1, September 30, 2002.

The Court defers to the state court decision, finding nothing based on any unreasonable determination of the facts in light of the evidence presented at trial, and finding nothing contrary to or involving an unreasonable application of clearly established Federal law.

**(2) Petitioner argues that the trial court imposed an excessive sentence.**

On direct appeal, the Louisiana First Circuit Court of Appeal held that petitioner's sentence was constitutional, and the Louisiana Supreme Court denied writs. The district court later denied petitioner's motion to correct an illegal sentence. A federal court considering a habeas petition will not upset a state sentence within the statutory limits unless the sentence is so disproportionate to the offense as to be completely arbitrary and shocking.[32] The statutory penalty for conviction of armed robbery, in violation of La. R.S. 14:64, is a sentence range of not less than ten nor more than 99 years.[33] Sentences falling within the statutory limits are entitled to a presumption of constitutionality.[34] The "burden is on the defendant to rebut the presumption of constitutionality by showing that he is exceptional."[35]

Here, the petitioner argues that the trial judge abused his discretion and sentenced him without considering significant mitigating circumstances. At the sentencing hearing, the judge stated:

---

[32] *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975).
[33] A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence. LSA-R.S. 14:64
[34] *Nicks v. Cain*, 2005 WL 1578024, 8 (E.D. La. 2005).
[35] *Nicks v. Cain*, 2005 WL 1578024, 8 (E.D. La. 2005).

> This is a twenty (20) year-old male, who was convicted of the crime of armed robbery… [D]efendant is shown to have a quite extensive juvenile record since the age of thirteen... he had five juvenile delinquency adjudications, four of them for felonies, six juvenile arrests with no conviction, at least five of those being felonies.
> His adult record, he had one misdemeanor that he pled guilty to.
> He had attachments out for misdemeanor from the City of Slidell.
> He had a receiving stolen property charge in Harrison County, which he did not appear for trial on and an attachment was issued in April of 2002, and which they stand ready to extradite on.
> He has what the probation officer says is an attempted aggravated battery set for misdemeanor trial on January 14th, 2003...
> When confronted with the fact that he had juvenile crimes Rodgers lied, stated there wasn't any. Then when confronted further he advised, "Well the ones that don't stick don't count."
> He also said he knew nothing whatsoever about any charges in Mississippi, but he did resist by flight….
> I find that in view of the fact that this was… a manager where he was employed at that his conduct manifested a deliberate cruelty to the victim… I find that the offender has persistently been involved in similar offenses not already considered as criminal history as a part of a multiple offender adjudication since one was not filed in this matter.
> Reviewing the mitigating circumstances, I find none whatsoever in this case.[36]

This Court defers to the state court on this claim, finding nothing contrary to, or involving any unreasonable application of, clearly established Federal law. The record supports the trial judge's sentencing decision, and the sentence fell within the statutory limits. Petitioner has failed to establish that his presumptively constitutional sentence was excessive, that his sentence was completely arbitrary or shocking, or that his sentence fell outside the statutory limits.

**(3) Petitioner argues that he received ineffective assistance of counsel.**

A claim of ineffective assistance of counsel is a mixed question of law and fact.[37] Therefore, this Court must defer to the state court on these claims unless that decision

---

[36] State Rec. Vol. 2, p. 413-16, *State v. Rodgers*, 317886-1, December 5, 2002.

- 10 -

"was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[38]

In *Strickland* the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel.[39] A petitioner seeking relief must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense.[40]

Petitioner bears the burden of proof when asserting a claim for ineffective assistance of counsel. Petitioner "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective."[41] If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong.[42]

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[43] "Counsel's performance is deficient if it falls below an objective standard of reasonableness."[44] Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances.[45] "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of

---

[37] *Moore v. Co*ckrell, 313 F.3d 880, 881 (5th Cir. 2002), cert. denied, 538 U.S. 969, 123 S.Ct. 1768 (2003).
[38] 28 U.S.C. § 2254(d)(1).
[39] *Strickland v. Washington*, 466 U.S. 668 (1984).
[40] *Id*. at 697.
[41] *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000).
[42] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).
[43] *Styron v. Johnson*, 262 F .3d 438, 450 (5th Cir.2001), cert. denied, 534 U.S. 1163 (2002).
[44] *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir.1998).
[45] *Strickland*, 466 U.S. at 689.

the time of counsel's conduct.'"[46]  Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation.[47]

In order to prove prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[48]  A reasonable probability is one "sufficient to undermine confidence in the outcome."[49]

Here the petitioner argues that he received ineffective assistance when counsel failed: (A) to file a motion to reconsider the sentence; (B) to move for a trial continuance to procure a key witness; and (C) to properly cross-examine the victim concerning her previous statement to the police.

**(A) Failure to file a motion to reconsider the sentence**. This claim was raised on petitioner's direct appeal. The Louisiana First Circuit Court of Appeal denied relief, finding that the trial court sufficiently set forth his reasons for the sentence, including petitioner's extensive criminal history, and "specifically noted the petitioner's age, education, and social history."[50]  The Court went on to state that "We are not persuaded that the trial judge would have rendered a different sentence had a motion to reconsider sentence been filed or had a contemporaneous objection to the sentence been lodged. Nor would we have disturbed the sentence on appeal had the matter been before us on direct review of the question of excessiveness. Thus, we cannot conclude that trial counsel was ineffective."[51]

---

[46] *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690).
[47] *Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir.1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir.1985).
[48] *Strickland*, 466 U.S. at 694.
[49] *Id*.
[50] *State v. Rodgers*, 2003-0631 (La. App. 1st Cir., November 7, 2004); not for publication, p.10.
[51] Id. at 11.

Viewed at the time of counsel's conduct, at the sentencing hearing, there is no evidence that, but for counsel's failure to move for a reconsideration of sentence, the results would have been different. The judge recited a lengthy list of the crimes which Petitioner had been charged with and/or convicted. The judge took particular note of the fact that Petitioner lied to the court and had committed other crimes while awaiting trial on this offense. Petitioner fails to overcome the strong presumption that counsel's behavior fell outside the wide range of reasonable representation. In addition, petitioner fails to establish any prejudice to him as a result of counsel's performance.

**(B) Failure to move for a trial continuance to procure a key witness.** This claim was raised in petitioner's application for post-conviction relief. Petitioner argues that he was denied the right to call a key witness, Ms. Mills, to testify on his behalf. The district court noted that there was no counsel error sufficient to prejudice petitioner, as petitioner never identified to what the alleged witness would have testified, or how it would have helped his case.[52]

Mr. Rodgers argues that Ms. Mills would have supported his theory of defense. However, the Court notes that petitioner admitted his involvement in the crime, admitted planning the crime, and gave a video statement confessing to his involvement, which the jury viewed at trial. Other evidence established his presence at the crime, and the victim identified him as the one who held a gun to her head during the robbery. Petitioner's main theory of defense was that he was not the gunman. However, since Ms. Wills was not a witness to the crime, petitioner fails to establish how her testimony would have changed the outcome of the proceedings, and so counsel's failure to move for a continuance until she could be located does not fall outside the wide range of reasonable

---

[52] State Rec. Vol. 3, Order with Incorporated Reasons, *State v. Rodgers*, 317886.

representation. In addition, petitioner fails to establish any prejudice to him as a result of counsel's performance.

**(C) Failure to properly cross-examine the victim concerning her previous statement to the police.** This claim was raised in petitioner's application for post-conviction relief. The district court stated that the claim did not pass the *Strickland* test.[53] Petitioner argues that counsel failed to cross-examine the victim in such a way as to discredit her testimony because she did not identify the gunman by name in her original police statement and to allow the report to be introduced into evidence.

However, the victim was cross-examined on the stand, and admitted that she didn't name anyone at that time because things were going so fast. In addition, she admitted that she could not remember whether she ever gave the police petitioner's name. She testified, under oath, that there was no doubt in her mind that petitioner was the one who held a gun to her head. Had the report been introduced into evidence, it would not have offered any additional evidence to which the victim did not testify on the stand.[54]

Petitioner fails to overcome the strong presumption that counsel's behavior fell outside the wide range of reasonable representation. In addition, petitioner fails to establish any prejudice to him as a result of counsel's performance.

The petitioner has failed to satisfy the *Strickland* test that counsel's behavior was deficient and prejudicial. The Court finds nothing contrary to, or involving any unreasonable application of, federal law, and so defers to the state court decision denying relief for petitioner's claims of ineffective assistance of counsel.

---

[53] *Id*.
[54] The Court notes that the trial judge refused to enter the police report into evidence because it contained no prior inconsistent statement and had not been used to impeach her testimony.

**(4) Petitioner argues that there was insufficient evidence to convict him.**

A claim of insufficiency of the evidence is reviewed by a habeas court under the *Jackson* standard.[55] It is a fundamental principle of American jurisprudence that a criminal defendant may not be convicted absent a finding of guilt beyond a reasonable doubt by the finder of fact.[56] A jury's findings on an issue of fact will be upset only where necessary to preserve the "fundamental protection of due process of law."[57]

In reviewing a claim of insufficient evidence, this Court must determine whether, looking at the elements of the offense, and viewing the evidence in a light most favorable to the prosecution, a rational finder of fact could have found the essential elements of the crime beyond a reasonable doubt.[58] Petitioner was charged with and convicted for armed robbery, as discussed earlier. The elements necessary to sustain a conviction under LSA-R.S. 14:64 are 1) the taking of anything of value, 2) belonging to another, 3) from the person or immediate control of another, 4) by force or intimidation, 5) while armed with a dangerous weapon. The record supports that petitioner took two Hibernia Bank bags filled with money, belonging to Popeye's, from the person and under the immediate control of Ms. Whitehead, by using physical force and intimidation, while holding a gun to her head.

This Court's review of factual determinations is limited where petitioner had a full and fair opportunity to litigate the factual issue(s).[59] Petitioner had a full and fair opportunity to litigate this issue at his trial. The petitioner admitted his involvement in the

---

[55] *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *Guzman v. Lensing*, 934 F.2d 80, 82 (5th Cir. 1991).
[56] *Jackson*, 443 U.S. at 316-17, 99 S.Ct. at 2787-88, 61 L. Ed. 2d 560.
[57] *Jackson* at 319, 99 S.Ct. at 2789, 61 L. Ed. 2d 560.
[58] *Donahue v. Cain*, 231 F.3d 1000, 1004 (5th Cir. 2000).
[59] See 28 U.S.C. § 2254(d), requiring a general presumption of correctness as to factual findings.

crime in a videotaped statement, and testified at trial that he had made the statement and been advised of his rights. Other evidence, including his time card, established his presence at the scene of the crime. The victim testified that he grabbed her around the neck, held a gun to her head, and threatened to shoot her, while addressing her by name. The victim also testified that he and another participant took two Hibernia bank bags of her employer's money from her control. The police testified that the money and bags were recovered at the other participant's house. The jury, finding the elements of the crime of armed robbery were proved beyond a reasonable doubt, returned a unanimous verdict of guilty as charged, and their verdict was reviewed and affirmed on appeal.

Petitioner has failed to demonstrate that the state court's decision was contrary to, or involved any unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

## VIII.   Conclusion

Having considered the complaint, the record, and the applicable law, it is determined that petitioner has failed to demonstrate that his state conviction and sentence present grounds for the relief requested.  Accordingly, **IT IS ORDERED** that the petition of CHARLES RODGERS for writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE**.  Judgment will be entered accordingly.

New Orleans, Louisiana this 11th day of January, 2007.

_____
HELEN G. BERRIGAN
U.S DISTRICT JUDGE