U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  APR 16 2008

LORETTA G. WHYTE
CLERK

United States Court of Appeals
Fifth Circuit

**FILED**

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

March 24, 2008

Charles R. Fulbruge III
Clerk

---

No. 07-30242
Summary Calendar

---

D.C. Docket No. 2:06-CV-933

CHARLES RODGERS

    Petitioner - Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

    Respondent - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans.

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE: APR 15 2008

___ Fee ___
___ Process ___
_X_ Dktd ___
___ CtRmDep ___
___ Doc. No. ___

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
    Deputy

New Orleans, Louisiana     APR 15 2008

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-30242
Summary Calendar

CHARLES RODGERS

                Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

                Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-cv-933

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

    Charles Rodgers, Louisiana prisoner # 459570, appeals the district court's dismissal of his 28 U.S.C. § 2254 application challenging his conviction and sentence for armed robbery.

    Rodgers argues that the district court erred in determining that his trial counsel was not ineffective for failing to cross-examine the victim effectively concerning discrepancies between her identification of him as her assailant at trial and her failure to identify him in her written statement to police. Rodgers

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

further contends that due to counsel's failure to effectively cross-examine the victim on this issue or concerning a police report describing the perpetrators as "unidentified," the trial court refused to admit the written statement or police report into evidence. Due to the additional overwhelming evidence against Rodgers, including a videotaped confession that Rodgers does not challenge on appeal, Rodgers has not shown any deficiencies in his trial counsel's actions that prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). As a result, Rodgers has not established that the state court's denial of relief "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1) & (2). The judgment of the district court is AFFIRMED.